UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM G. KRAUS,<br><br>Plaintiffs,<br>v.<br><br>LENNAR RENO, LLC, *et. al.*,<br><br>Defendants. | Case No. 3:18-cv-00120-MMD-WGC<br><br>ORDER |

**I.  SUMMARY**

Plaintiffs filed this action in state court asserting claims arising from alleged construction defects. Defendants Lennar Reno, LLC and Lennar Reno, LLC dba Lennar Homes (collectively, "Lennar" or "Defendant") removed based on diversity jurisdiction. (ECF No. 1.) Before the Court is Plaintiffs' motion to remand ("Motion"). (ECF No. 7.) Lennar opposes (ECF No. 10) and Plaintiffs have replied. (ECF No. 11.) Lennar filed an errata to submit a signed Declaration of Mark Sustana. (ECF No. 12.) Lennar also filed a motion for leave to file sur-reply to Plaintiffs' motion to remand ("Lennar's Motion"). (ECF No. 14.) For the following reasons, the Court grants Lennar's Motion and denies Plaintiffs' Motion.

**II.  BACKGROUND**

Plaintiffs own homes located in the Casa Bella subdivision in Reno. (ECF No. 1-2 at 3.) Plaintiffs purchased their homes from Lennar on various dates beginning in 2012. (*Id.* at 11.) The gist of their claims is that the slab foundations for their homes were defective or inadequately installed, resulting in damages to their homes. (*Id.* at 5-11.)

On February 8, 2018, Plaintiffs filed their Complaint, asserting numerous state law claims. (ECF No. 1-2.) On March 15, 2018, Lennar removed the action, alleging that removal was timely as Lennar was served with the Complaint on February 14, 2018, a fact which Plaintiffs do not dispute. (ECF No. 1 at 3.)

**III.     LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under section 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v.*

*Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *See Matheson*, 319 F.3d at 1090 (citation omitted).

**IV. DISCUSSION**

Plaintiffs argue that Lennar has failed to carry its burden of demonstrating that the parties are diverse and the amount in controversy exceeds $75,000. (ECF No. 7.) The Court will address these arguments in turn.

As an initial matter, Plaintiffs raise a procedural defect argument for the first time in their reply.[1] Plaintiffs argue that Lennar's removal was untimely under 28 U.S.C. 1446 because the removal was filed more than thirty (30) days from when Lennar was served with Plaintiffs' pre-litigation settlement demands, giving notice of the amounts in dispute. (ECF No. 11 at 3-4.) Defendant correctly points out Plaintiffs' infirm procedural argument—Lennar could not have removed when it received the pre-litigation settlement demands months before the Complaint was filed. (ECF No. 14-1 at 3.) Plaintiffs do not dispute that Defendant was served with the Complaint on February 14, 2018.[2] Lennar thus timely removed this action on March 15, 2018.

Plaintiffs argue that Defendant has not met its burden to show that the parties are diverse because Defendant fails to include corporate governing documents for any members of Lennar Reno, LLC, which is a Nevada entity. (ECF No. 7 at 3-4.) Although corporations are citizens of any state in which they are incorporated or have their principal place of business, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, Lennar asserts in the petition for removal that Lennar Reno, LLC's sole member is Lennar Pacific Properties Management, Inc., which is a Delaware corporation with its

---

[1] For this reason, the Court grants Lennar's Motion (ECF No. 14) to permit Lennar to address an argument improperly raised in Plaintiffs' reply.

[2] Lennar attached a copy of the proof of service of the Complaint to support its unchallenged representation that service was effectuated on February 14, 2018. (ECF No. 14-2.)

3

principal place of business in Florida. (ECF No. 1 at 3.) Lennar submitted a signed declaration from its managing officer to support this representation. (ECF No. 12-1 at 2.) Accordingly, the Court finds that Lennar has satisfied its burden of demonstrating diversity of citizenship.

Next, Plaintiffs insist that the amount in controversy is not met because the Complaint alleges each individual Plaintiff's claim exceeds $50,000, which is below the minimum required amount in controversy. (ECF No. 7 at 5.) Lennar responds that in the pre-litigation process required under NRS 40,[3] Plaintiffs made settlement demands that included estimated costs to repair the homes to range from about $98,00 to $131,000 for each home, excluding other costs and attorneys' fees. (ECF No. 10 at 6; ECF No. 10-2 at 5-17.) Plaintiffs argue that the settlement demands document is privileged and inadmissible under NRS § 48.105. However, even if state evidentiary rules apply to this Court, NRS § 18.105(1) provides that an offer of compromise "is not admissible to prove liability for or invalidity of the claims or its amount." In fact, subsection 2 goes on to qualify that "[t]his section does not require exclusion when the evidence is offered for another purpose." NRS § 18.105(2). Plaintiffs allege their individual claims exceed $50,000, but do not contend that they fall under $75,000. Defendants merely rely on the settlement demands to show that the individual claims exceed $75,000, and not for any purposes prohibited under NRS § 18.105.

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The settlement demands here itemize specific amounts, including "Total Repair Estimate," "Total Expert Costs to date" and "Costs of Suit to date." (*See* ECF No. 10-2 at 6-17.) The estimated cost of repair alone for each individual home exceeds the amount in controversy. Thus, Plaintiffs' settlement demands establish that the amount in controversy more likely than not exceeds $75,000 for each individual Plaintiff.

---

[3] NRS §§ 40.600 through 40.695 govern construction defect claims.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Lennar's motion to file a sur-reply (ECF No. 14) is granted.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 7) is denied. DATED THIS 27th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE